
**IN THE SUPERIOR COURT
OF GUAM**

| | |
|---|---|
| CHUNG SOOK KIM, | Civil Case no. CV0710-11 |
| Plaintiff, | |
| vs. | |
| MI HYE KIM, KI YOUNG KIM, MIN KYONG KIM, HEE SOON JEONG, BYUNG GON KIM, and DOES I through IV, | **DECISION AND ORDER** |
| Defendants. | |

**INTRODUCTION**

Pursuant to Rule 7.1 of the Local Rules of the Superior Court of Guam, Defendants' Hee Soon Jeong and Byung Gon Kim's, Motion for Partial Summary Judgment was taken under advisement by the Honorable Judge Michael J. Bordallo on September 4, 2014. Defendants Hee Soon Jeong and Byung Gon Kim (hereafter Defendants Jeong) were represented by attorney Helkei S. Hemminger. Mi Hee Kim, Special Administrix of the Estate of Chung Sook Kim, was represented by attorney William C. Bischoff. The other named Parties to this action did not file any papers related to this motion. Having received and reviewed the arguments, papers, and file herein, the Court now issues the following order granting in part Defendants Jeong's request.

## BACKGROUND

I.

The instant matter arises out of a civil complaint for cancellation of instrument containing three counts for breach of fiduciary duty, aiding and abetting breach of fiduciary duty and constructive trust, filed by the Plaintiff on April 22, 2011. Plaintiff filed a first amended complaint for cancellation of instrument on May 6, 2011. Plaintiff's first amended complaint contained four counts: 1) breach of fiduciary duty, 2) fraud, 3) aiding and abetting breach of fiduciary duty and 4) constructive trust.

On February 17, 2012, the Court entered an order dismissing count two of Plaintiff's complaint and granting leave to amend a portion of her pleading. Plaintiff filed her second amended complaint on March 9, 2012. In her pleading Plaintiff alleges counts of: 1) breach of duty, 2) fraud, 3) aiding or abetting breach of duty, and 4) constructive trust. On April 9, 2013, Defendants Jeong filed a pleading entitled, Answer to Complaint; Counterclaim as to Plaintiff; Cross-claim as to Defendants' Mi Hye Kim, Ki Young Kim, Min Kyong Kim; Demand for Arbitration. In their counterclaim and cross-claim Defendants Jeong allege four causes of action and a section entitled Demand for Arbitration. The causes of action alleged in Defendants Jeong's pleading are: 1) quiet title, 2) breach of warranty, 3) recission and fraud. On July 16, 2014, the Court allowed Defendants Jeong to amend their pleading and include an additional affirmative defense of *bona fide* purchaser and two additional causes of action for ejectment and unjust enrichment.

II.

a)

On July 15, 2014, Defendants Jeong filed a motion for partial summary judgment. In support of their motion they assert that the following facts are undisputed:

1. Defendants Jeong are husband and wife and are the prior owners of the minimart and water supply business known as Pure H20 and MiniMart (hereafter MiniMart); a business they owned for 5 years; Mot. at 1.

2. In 2010, Byung Gon Kim of Defendants Jeong was diagnosed with renal failure. This necessitated their return to Korea for his medical treatment and possible kidney transplant and motivated Defendants Jeong to attempt to sell their store; *Id.*

3. Their initial valuation for their business was $228,700.00; this valuation was derived from their startup and acquisition costs and did not include profits, earnings or good will; the initial lower valuation was based upon Defendants Jeong's desire to relocate quickly; *Id.*

4. Defendant Mi Hye Kim (hereafter Defendant Kim) is Plaintiff's Daughter; she and her husband Defendant Ki Yong Kim own a sushi and sandwich business and were MiniMart suppliers; *Id.* at 2.

5. Defendant Kim and Defendants Jeong agreed that Defendant Kim could purchase the entire MiniMart, its equipment, inventory and supplies for $180,000.00; *Id.*

6. After Defendant Kim informed Defendants Jeong that their application for a business loan was declined she offered to exchange the store for a residential property in Mangilao (hereafter the residential property). The residential property is a five bed room, two-story duplex, the upstairs unit generating $1,200.00 each month and the entire property appraised at $335,000.00; *Id.*

7. Byung Gon Kim believed he was terminally ill and desired to provide a permanent income source for his wife; *Id.*

8. Defendants Jeong agreed to purchase the residential property for $300,000.00 to be paid as follows:

   1. Transfer of the MiniMart for $180,000.00;

   2. A cash payment of $60,000.00; and

   3. A lease back agreement where Mye Hye Kim's family could lease the property for a period of twenty four (24) months for an lease amount of $2,500 each month; *Id.* at 3

9. In January of 2011, Plaintiff visited the MiniMart with Defendant Kim to inspect the store; Plaintiff did not voice any objection to the transaction during the visit;[1] *Id.*

10. The title insurance company Title Guaranty was retained to conduct the escrow and closing of the sale; *Id.*

11. Produced at the February 1, 2011, sale meeting was a recorded Deed of Gift between Plaintiff and Mi Hye Kim and a warranty deed which was to be executed before a notary public; *Id.*

12. Ms. Dornon, the notary public who notarized the February 1, 2011 Warranty Deed, specifically recalls that during the signing of the deed she inquired whether Plaintiff understood the document; Plaintiff made no objection to the signing of the deed; *Id.*

13. On February 2, 2011, Mi Hye Kim and Hee Soon Jeong met at Title Guaranty to sign the remaining documents and finalize the transaction; *Id.*

14. Defendants Jeong were not present when Plaintiff signed the 2009 Deed of Gift or the 2011 Warranty Deed and were not involved in the preparation of those documents; *Id.* at 4.

15. Subsequent to the February 2011 signing and closing Defendants Jeong went to Korea to seek medical assistance and Defendants Kim took over operation of the MiniMart; *Id.*

16. A few months after closing Plaintiff sued Purchasers to rescind the transaction; Defendants Jeong did not become aware of the suit until December 2012; *Id.*

17. Defendant Kim and her family retained the $60,000.00 and continue to operate the MiniMart and occupy the residential property. *Id.*

Having asserted the above facts Defendants Jeong request that the Court enter an order of partial summary judgment, in their favor, as to counts two and three of the second amended complaint filed against them. Additionally Defendants Jeong request the Court to find as a matter of law that they are *bona fide* purchasers of the residential property and entitled to its possession. *Id.*

As to count two of Plaintiff's second amended complaint Defendants Jeong argue that elements of a fraud claim require: 1) misrepresentation; 2) knowledge of falsity; 3) intent to defraud to induce reliance; 4) justifiable reliance; and 5) resulting damages. *Id.* at 5. Citing to the rule requirement that a fraud claims be pled with specificity, Defendants Jeong first argue that Plaintiff has for the second time, failed to assert sufficient specific facts to plead fraud. *Id.* 5-7. In support of this argument they specifically point to the second amended complaint's failure to assert any facts supporting misrepresentation. *Id.* at 7. Defendants Jeong also refer to Plaintiff's declaration that she had never knowingly met, corresponded or spoken with them, reasoning that without this it is impossible to have met this element as a matter of fact or law. *Id.*

As to count three, aiding and abetting breach of fiduciary duty, Defendants Jeong assert

---

[1] Defendants Jeong by later referencing a statement in Plaintiff's declaration that Plaintiff has

that this cause of action has not yet been recognized by the Guam Supreme Court. *Id.* 9. However, Defendant asserts that it has been recognized in a majority of U.S. Jurisdictions and that under the following elements, it has been recognized by the Guam Superior Court: 1) the primary tortfeasor breaches a fiduciary duty owed to defendant; 2) the aider-abettor has actual knowledge of the breach; 3) the aider-abettor lends substantial assistance or encouragement; 4) and the victim-plaintiff suffers proximately caused damage. *Id.* Under these elements Defendants Jeong assert that Plaintiff is unable to plead or show that they had lent support or had actual knowledge of Mi Hye Kim's breach. *Id.* at 9-14. They argue that: actual knowledge cannot be inferred from Plaintiff's age or literacy level, Plaintiff is unable to identify any facts to support a secret meeting between them and Defendant Kim, or that under the above undisputed facts, it cannot be persuasively argued that Defendants Jeong were obligated to expressly discuss the sale with the Plaintiff. *Id.* at 12-14.

In their motion for summary judgment Defendants Jeong's argue that as a matter of law they are *bona fide* purchasers. *Id.* at 14. In support of this argument they assert that the elements required for such a finding are that one must acquire title: 1) through payment of value; 2) without actual or constructive notice of another's rights; 3) in good faith. *Id.* They assert that in satisfaction of these elements they: 1) transferred Defendant Kim, $240,000.00 in cash and assets, paid the relevant property taxes and granted a rent-free two year lease; 2) reasonably relied upon a deed Plaintiff signed and had notarized and were aware of no further issues or concerns that might subjectively or objectively indicate a lack of notice; and 3) performed all agreed upon conditions in good faith. *Id.* 15-16.

never spoken with or met them, Defendants Jeong appear to concede that this fact is disputed.

b)

Plaintiff filed its opposition on August 12, 2014. Opp. at 1. In it they argue and assert that while Plaintiff signed a deed of the residential property, no consideration for that deed passed from Defendants Jeong to Plaintiff. *Id.* at 2. They assert that only Mi Hye Kim received any consideration. *Id.* Absent evidence of consideration, they argue that there was no contract between Plaintiff and Defendants Jeong and at most Plaintiff and Defendants Jeong are each entitled to half the residential property and joint judgments against Mi Hye Kim. *Id.* 2-3. Plaintiff reasons that because her execution of the deed was necessary, Defendants were legally obligated to seek her out and discuss the terms. *Id.* at 3-4. In support of this reasoning she cites to 1949 case from the California District Court of Appeals that discusses the standard to review gifts from principles to their fiduciaries. *Id.* at 6. Extending this reasoning she argues that Mi Hye Kim's fiduciary relationship to her mother required that Defendants Jeong question Mi Hye Kim's deed and inquire whether any consideration would be given to Plaintiff as joint tenant. *Id.* 6-7.

As to Defendants Jeong's assertion of the notary's inquiries, Plaintiff argues they should be given no weight because the notary did not speak Korean and the question is outside the scope a notary's duty. *Id.* 3-4. Further, Plaintiff argues that because Defendants Jeong did not acquire the complete interest in the residential property through a third party, the *bona fide* purchaser doctrine does not apply. *Id.* at 5. Plaintiff argues that the circumstances of the sale put Defendants Jeong on inquiry notice. *Id.* at 7-8. This required their further investigation of the contracting parties and invalidated Mi Hye Kim's deed. *Id.* at 7-8.

c)

Defendants Jeong filed their reply on September 2, 2014. Reply at 1. In it they highlight

Plaintiff's failure to oppose their request for summary judgment as to counts two and three of Plaintiff's second amended complaint. *Id.* Defendants Jeong concede that Plaintiff was not a signatory to the purchase agreement. *Id.* at 5. However, Defendants Jeong dispute Plaintiff's argument that she received no consideration. *Id.* Citing several California Appellate Court cases decided from 1915 to 1967, they argue that when purchasing property from joint tenants, the purchaser has no obligation to provide separate consideration to each because the consideration retains the joint tenancy characteristic. *Id.* 2-5. They further argue that while Plaintiff did not receive consideration in the form of cash, she constructively participated in the operation of the store, enjoyed the lease proceeds of the upstairs unit of the residential property and continued to live in the residence during the two years of the lease back term. *Id.* at 5. In conclusion Defendants Jeong appear to concede that there are questions of disputed material fact regarding whether Plaintiff agreed to sell her interest in the residential property for the consideration offered. *Id.* 5-6.

## DISCUSSION

I.

Rule 56 of the Guam Rules of Civil Procedure regulates when a court may grant summary judgment. Guam R. Civ. P. 56. Summary Judgment is appropriate if the pleadings, deposition, interrogatories and admissions on file together with the affidavits, if any show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Guam R. Civ. P. 56(c); *Izuka Corp. V. Kawasho International*, (Guam), Inc., 1997 Guam 10, ¶7.

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes

demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

In rendering its decision on a motion for summary judgment, a court must draw inferences and view the evidence in the light most favorable to the non-moving party. *Bank of Guam v. Flores*, 2004 Guam 25. If however, the movant can demonstrate that there are no genuine issues of material fact, the non-movant cannot merely rely on allegations contained in the pleading, but must produce at least some significant probative evidence to support the pleading. *Edwards v. Pacific Financial Corporation*, 2000 Guam 27 ¶ 7.

Consequently, a court's "ultimate inquiry is to determine whether the 'specific facts' set by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." *Edwards*, 2000 Guam 27 ¶ 7; *Iizuka*, 1997 Guam 10 ¶ 8. A material fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit. Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. A genuine issue precluding summary judgment exists "if there is 'sufficient evidence' which establishes a factual dispute requiring resolution by a fact-finder." *M Electric Corporation v. Phil-Gets (Guam) International Trading Corporation*, 2012 Guam ¶ 11.

II.

Defendants Jeong first request that summary judgment be entered against Plaintiff as count II of her second amended complaint. Mot. at 5-8. In 2008 the Guam Supreme Court explained that, "[t]he elements of fraud are: (1) a misrepresentation; (2) knowledge of falsity (or scienter); (3) intent to defraud to induce reliance; (4) justifiable reliance; and (5) resulting damages." *Taitano v. Calvo Finance Corp.*, 2008 Guam 12 , ¶12. After a review of the

undisputed facts and assertions of Defendants Jeong, the Court is unable to find that Plaintiff has appropriately identified any specific facts upon which a reasonable jury might find Defendants Jeong committed any of the elements of fraud. *Edwards*, 2000 Guam 27 ¶ 7. While there is a disputed issue of fact whether Defendants Jeong ever met with Plaintiff or discussed and agreed upon the terms of the sale, Plaintiff has not appropriately alleged any specific facts to support her claim. *Id.*

III.

Second, Defendants Jeong request that the Court similarly dismiss count three of Plaintiff's second amended complaint, aiding or abetting breach of duty. Mot. at 8-14. This claim first requires a showing of facts which might, when viewed in their best light, establish a cognizable duty on the part of the primary tortfeasor. *Newsome v. Gallacher*, 722 F.3d 1257, 1272-1273 (10th Cir. 2013); *Wright v. Apartment Inv. and Management Co.*, 726 S.E.2d 779, 788 (Ga. Ct. App. 2012)(abetting breach of fiduciary duty requires a showing of the following elements: (1) through wrongful conduct the defendant procured a breach of the primary wrongdoer's fiduciary duty to the plaintiff; (2) with knowledge of the duty and with malice and the intent to injure; (3) the defendant's procured a breach of the duty; and (4) damages which where proximately caused); *Gordon v. Busbee*, 723 S.E.2d 822, 830 (S.C. Ct. App. 2012)(The elements for a cause of action of aiding and abetting a breach of fiduciary duty are: (1) a breach of a fiduciary duty owed to the plaintiff; (2) the defendant's knowing participation in the breach; and (3) damages). In instant matter, Defendants have properly shown the lack of any facts which might support any of the above elements. *Edwards*, 2000 Guam 27 ¶ 7. Plaintiff has failed to identify any significant probative evidence to support it. *Id.*

III.

Lastly Defendants Jeong request that the Court summarily find that they are *bona fide* purchasers of the residential property. In 1991 the Guam Appellate Division held that, "[t]o become a *bona fide* purchaser of property one must acquire title through payment of value, in good faith, and without actual or constructive notice of another's rights." *Morioka v. I & F Corp. Guam*, No. CIV. 91-00027A, 1991 WL 255842 at *3 (D. Guam App. Div. 1991). Inherent in these elements and necessary to a finding of a *bona fide* status requires that the property in question was acquired through third person or unrelated transaction. *Id.* The undisputed facts in this case contain no assertions which would support such a finding. The asserted sale of residential property and the MiniMart occurred directly with no asserted intervening break in ownership. [2]

## CONCLUSION

For the reasons set forth above Defendant Jeong's requests are Granted in part. Counts two and three of Plaintiff's second amended complaint are under the above standards hereby summarily dismissed and Defendants Jeong's request for quiet title as a *bona fide* purchaser is denied.

SO ORDERED, this _7th_ day of _October_ 2014.

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:
_H. Hemminger;_
_W. Bischoff_
Date: _10/7/14_ Time: _3:30 pm_

Deputy Clerk, Superior Court of Guam

HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

[2] In Plaintiff's opposition as well as Defendants Joeng's reply the Parties concede that Defendants Jeong are entitled to a partial summary judgment as to their quite title to any interest Defendant Kim may retain in the residential property. However this argument was not initially raised or analyzed in Defendants Jeong's intitial brief and Plaintiff lacks standing to concede it on behalf of Defendant Kim. Absent it being initially raised the Court is not able to without adequate notice grant it.